IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LIQUID MOTORS, INC. | § | |
| | § | |
| | § | CAUSE NO. 3:09-CV-0611-N |
| v. | § | |
| | § | |
| ALLYN LYND AND | § | |
| UNITED STATES OF AMERICA | § | |

ORDER

This matter has come before the Court upon the Application for Temporary Restraining Order filed by Plaintiff Liquid Motors, Inc. on April 2, 2009, and the "First Amended Complaint, Application for Temporary Restraining Order, Motion for Return of Property and Brief in Support" filed on April 3, 2009. In its Application for Temporary Restraining Order, as amended, Liquid Motors, Inc. seeks an order that requires the United States to return computer services and other equipment owned by Liquid Motors, Inc., which were seized by the United States pursuant to a Search Warrant issued in this court. The Court heard argument of counsel and conducted an evidentiary hearing on the Application on April 3, 2009.

The Search Warrant is under seal and was provided to this Court for *in camera* review. After review of the Search Warrant, the Court conducted an *ex parte* hearing and questioned Federal Bureau of Investigation Special Agent Allyn Lynd regarding his Affidavit attached to the Search Warrant and the related criminal investigation. The United States confirmed that plaintiff is not a target of the criminal investigation, but that plaintiff's equipment may have been used by members of the criminal conspiracy to

Order - Page 1

conduct or facilitate the criminal enterprise. One of the members of the criminal conspiracy is the landlord for the building where plaintiff's computer equipment is located and is very knowledgeable about computers. The Court concluded the *ex parte* hearing.

A hearing in open court was held. Plaintiff's President and CEO, Michael Daseke, testified in support of the Application and Motion and also answered questions by government counsel and the Court.

The parties advised the Court that they were making every effort to facilitate and expedite the copying of the information contained on the plaintiff's servers and other computer equipment so that the copied information could be returned to plaintiff. The United States advised the Court that the FBI was prepared to work the weekend to obtain the necessary mirror image of the data on the EMC Celera NS352 storage array and to conduct the necessary forensic analysis so that the EMC NS352 storage array could be returned to plaintiff on Monday, April 6, 2009, at the latest. The United States advised the Court that additional FBI technical staff were available to assist with the copying of the data from the servers and Dell AX100 SAN storage array. However the speed of this copying was subject to the availability of hard drives onto which the data can be copied. The extent that plaintiff could provide blank hard drives onto which the copies could be made would facilitate the speed with which the data copies could be returned to plaintiff.

Having considered the above, it is the decision of this Court that plaintiff's Application for a Temporary Restraining Order and Preliminary Injunction should be and hereby is DENIED. It is the finding of this Court that the United States had probable

cause to seize plaintiff's computer equipment, servers and storage arrays located at 2323 Bryan Street, Dallas, Texas on April 2, 2009 pursuant to the sealed Search Warrant which this Court has examined *ex parte*. It is further the finding of this Court that the United States has probable cause to retain the plaintiff's computer equipment, servers and storage arrays as same are necessary to an ongoing criminal investigation.

    IT IS FURTHER ORDERED AS FOLLOWS:

1. The EMC Celera NS352 storage array shall be returned to plaintiff after the government has made or obtained a forensically verifiable mirror image, and in any event, the return of the EMC Celera NS352 shall be no later than Monday, April 6, 2009;

2. Other servers belonging to plaintiff which were seized shall be copied onto hard drives and the copied data returned to plaintiff as soon as possible;

3. The Dell AX100 SAN storage array shall be copied and the copied data returned to plaintiff as soon as possible.

SO ORDERED THIS 3RD DAY OF APRIL 2009.

                                                    JORGE A. SOLIS
                                                    UNITED STATES DISTRICT JUDGE

AGREED AS TO FORM

| | |
|---|---|
| LIQUID MOTORS, INC.<br>By and Through Its Counsel<br>Vinson and Elkins L.L.P.<br><br>_____/S/_____<br>Matthew R. Stammel<br>State Bar No. 24010419<br>Frank C. Brame<br>State Bar No. 24031874<br>Michelle S. Spak<br>State Bar No. 24051363<br>Trammell Crow Center<br>2001 Ross Avenue, Suite 3700<br>Dallas, Texas 75201-2975 | UNITED STATES OF AMERICA<br>ALLYN LYND<br>By and Through Their Attorneys<br>James T. Jacks<br>Acting United States Attorney<br><br>_____/S/_____<br>Katherine Savers McGovern<br>Assistant United States Attorney<br>Texas Bar No. 13638020<br>Linda Groves<br>Assistant United States Attorney<br>Texas Bar No. 08553100<br>1100 Commerce Street, Suite 300<br>Dallas, Texas 75242<br>214.659.8600<br>214.767.2916<br>katherine.mcgovern@usdoj.gov<br>linda.groves@usdoj.gov |